IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Donald Winn, individually and on behalf of others similarly situated, ) ) ) | C/A No. 2:11-01571-DCN-BHH |
| Plaintiff, ) ) | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| v. ) ) | |
| Jacobs Engineering Group, Inc., and Jacobs Field Services North America, Inc., ) ) ) | |
| Defendants. ) | |

Defendants have moved to compel Plaintiff to produce information regarding (1) all communications to and from Plaintiff's counsel regarding this action (as well as any other potential actions against Defendants); and (2) the identity of every employer from whom Plaintiff sought employment during or after his employment with Defendants. The Court should deny Defendants' motion because Defendants' requests seek information that is not relevant to the claims or defenses in this litigation—it has no bearing on Plaintiff's job duties, whether Defendants classified Plaintiff and similarly situated employees correctly or Plaintiff's damages. Consequently, Defendants' arguments that this information is not privileged are not determinative of the motion. Furthermore, Defendants failed to recognize that the information they seek is protected from disclosure by the attorney-work product doctrine as well as the attorney-client privilege.

## PROCEDURAL BACKGROUND

This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA), in which Plaintiff seeks unpaid wages on behalf of himself and all other similarly situated employees. Plaintiff, a former employee, worked for Defendants as a "Shop Planner," and he alleges that Defendants misclassified him and employees in other planning positions as

exempt from the overtime requirements of the FLSA.

Defendants served discovery requests on Plaintiff seeking information regarding all communications to and from Plaintiff's counsel regarding this lawsuit and other potential lawsuits against Defendants, to which Plaintiff objected.

> **DOCUMENT REQUEST 11:** All documents concerning any communications, announcements, or advertisements concerning your claims in this case, including but not limited to those appearing in or on newspapers, television, magazines and/or Internet websites.
>
> **ANSWER:** Plaintiff objects that this request seeks information protected by the attorney-client privilege and work-product doctrine. Plaintiff objects that this request seeks information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible information.
>
> **DOCUMENT REQUEST 12:** All documents used or reviewed to communicate in any fashion (by you or your lawyers) with any present or former employees of Defendants.
>
> **ANSWER:** Plaintiff objects that this request seeks information protected by the attorney-client privilege and work-product doctrine. Plaintiff objects that this request seeks information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible information. Plaintiff objects further that this request is overbroad.
>
> **INTERROGATORY 5:** Identify all communications, announcements, or advertisements, including but not limited to those appearing in or on newspapers, television, magazines, and/or the Internet, in which you have communicated or attempted to communicate with former and/or current employees of any Defendant.
>
> **ANSWER:** Plaintiff objects that this request seeks information protected by the attorney-client privilege and work-product doctrine. Plaintiff objects that this request seeks information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible information. Plaintiff objects further that the request is compound, overbroad and unduly burdensome.
>
> **INTERROGATORY 6:** Identify each person contacted by or who has contacted you, your attorneys and agents, or any and all other persons acting on your behalf regarding this or any other existing or potential legal action against any Defendant, and for each such person, state whether the individual expressed a

desire to participate in this and/or any other action, if the individual has declined to participate, state the reasons given, describe the factual content of any statements, notes, recordings or other documents or, in lieu thereof, provide a copy of such statement, notes, recordings or other documents, and identify the person or persons who is/are custodian(s) of any statements, notes, recordings or other documents summarizing or memorializing those interviews.

**ANSWER:** Plaintiff objects that this request seeks information protected by the attorney-client privilege and work-product doctrine.  Plaintiff objects that this request seeks information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible information.  Plaintiff objects further that the request is compound and overbroad.

Defendants also served requests seeking the identity of every potential employer from whom Plaintiff sought employment during or after his employment with Defendants:

**INTERROGATORY 3:** Identify every employer from whom you sought employment and/or to whom you submitted a resume while employed by any Defendant and/or following your employment with any Defendant.

**ANSWER:** Plaintiff objects that this request seeks information that is not relevant to the claims or defenses of any party and not reasonably calculated to lead to the discovery of admissible information.  Plaintiff objects that this request is overbroad, unduly burdensome and propounded to harass and annoy.  Plaintiff's efforts to gain employment apart from Defendants have no bearing on this case.

Plaintiff has agreed to supplement his response to Interrogatory 3 with a current copy of his resume.  The parties have reached no further agreement regarding the preceding requests and answers.  However, Defendants confirmed in their memorandum that they do not seek the internal notes and mental impressions of Plaintiff's counsel.  (ECF No. 46-1 at 6, 8.)

In his discovery responses, Plaintiff's counsel identified the following categories of information as protected by the attorney-client privilege and/or the work-product doctrine:

1. Communications between and among Plaintiff's counsel, their employees and agents.
2. Communications between Plaintiff and Plaintiff's counsel, their employees and agents.
3. Communications between actual or potential class members and Plaintiff's counsel, their employees and agents.
4. Memoranda, drafts, notes, and files of Plaintiff's counsel, their employees

3

and agents, in this and other litigation.

## ARGUMENT

"The scope and conduct of discovery . . . are within the sound discretion of the district court." Morris v. Metals USA, No. 2:09-CV-1267-DCN, 2011 WL 94559, at *3 (D.S.C. Jan. 11, 2011) (quoting Erdmann v. Preferred Research, Inc. of Georgia, 852 F.2d 788, 792 (4th Cir. 1988)).  Moreover, district courts have broad discretion to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," if good cause is shown, including forbidding or limiting the discovery sought.  Fed. R. Civ. P. 26(c)(1).  Plaintiff respectfully requests that the Court deny Defendants' motion to compel.

### I. PLAINTIFF'S COUNSEL'S INVESTIGATIVE EFFORTS ARE NOT RELEVANT TO THE PARTIES' CLAIMS OR DEFENSES AND ARE PROTECTED FROM DISCOVERY.

Defendants failed to explain how Plaintiff's investigative efforts are relevant to the parties' claims and defenses, instead focusing on whether the information sought is protected by the attorney-client privilege.  Defendants' requests seek information that is unrelated to the factual and legal issues in this lawsuit.  Furthermore, Defendants are not entitled to the details of Plaintiff's counsel's investigation, their communications with potential opt-in Plaintiffs, or their work product.  Essentially, Defendants have requested that Plaintiff provide them with a running update throughout the litigation of all communications to and from Plaintiff's counsel related to this case—a request that exceeds the limits of discovery.

#### A. Defendants' Requests Do Not Seek Relevant Information.

Relevance is the starting point for any discovery dispute, and Defendants have made only a cursory effort to show the relevance of their requests.  Under Rule 26(b)(1), parties may obtain any discovery that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).

However, the Court must limit the extent of discovery if it determines that the information sought can be obtained from another source that is more convenient, less burdensome, or less expensive; or that the burden of the proposed discovery outweighs the likely benefit, considering the needs of the case and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

Defendants assume without analysis that their discovery requests seek relevant information. Document Request 11 and Interrogatory 5 request Plaintiff to identify and produce all advertisements or communications regarding Plaintiff's claims. Interrogatory 6 requests that Plaintiff identify each person contacted by, or who has contacted, Plaintiff or Plaintiff's counsel "regarding this or any other existing or potential legal action against any Defendant;" for each such person, Plaintiff is asked to "state whether the individual expressed a desire to participate in this and/or any other action, if the individual has declined to participate, state the reasons given," and to provide a copy of or describe the factual content of any statements or documents summarizing such contacts. Defendants state simply that communications to Defendants' employees from Plaintiff's counsel in this lawsuit and/or advertisements about this lawsuit are "directly relevant." (ECF No. 46-1 at 6.) Defendants also state that "communications, announcements, or advertisements" about Plaintiff's claims in this case are "per se" relevant to the parties' claims and defenses. (Id. at 7-8.) Beyond these two conclusory statements, Defendants have not shown how their requests are relevant or what admissible information they were calculated to uncover.

The question Defendants do not answer in their motion is why "Defendants are entitled to know what unsolicited communications Plaintiff's counsel sent to Defendants' employees and to whom they are sent." (Id. at 4.) Plaintiff's counsel's efforts to identify putative Plaintiffs do not

5

inform Plaintiff's misclassification claims, nor is this information relevant to the similarly situated inquiry in a motion for conditional certification. Moreover, Defendants' requests are inconsistent with their position, set forth in their opposition to Plaintiff's pending motion to compel (ECF No. 33), that information about other planners/schedulers is not relevant to Plaintiff's claims.

To the extent Defendants assert that their request is relevant to show interest in joining the case, there is no such requirement in this District. Simons v. Pryor's, Inc., No. 3:11-CV-0792-CMC, 2011 WL 3158724, at *7 (D.S.C. July 26, 2011) (rejecting to impose requirement at conditional certification that that the plaintiff must show other employees are interested in joining the action). As other courts have recognized, the argument that plaintiffs "must produce evidence that other employees wish to join the class before the class notice may be sent puts the cart before the horse." Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).

Additionally, Plaintiff's public website and "advertisement" letters, two of which Defendants possess and attached to their motion (ECF Nos. 46-8, 46-9), are no substitute for judicial notice and have no bearing on whether notice should issue. See, e.g., Bollinger v. Residential Capital, LLC, 761 F. Supp. 2d 1114, 1121 (W.D. Wash. 2011) (refusing to conflate the court-controlled notice process with the legitimate advertisement of legal services); Simpkins v. Pulte Home Corp., 2008 WL 3927275, at *8 (M.D. Fla. Aug. 21, 2008) (finding that advertising is not a replacement for Court-authorized notice that fully explains a potential opt-in plaintiff's rights); Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Further, although some of the proposed class members are clearly aware of the lawsuit, no formal solicitation appears to have taken place yet. Without some sort of formal solicitation, it remains unclear how many of the proposed class members may want to participate in the suit.").

Plaintiff's counsel's straightforward website and communications contain no misleading information, and as Defendants acknowledge, are clearly permitted. (ECF No. 46-1 at 4.)

The identities of individuals who have contacted Plaintiff's counsel or who Plaintiff's counsel has contacted also shed no light on the parties' claims or defenses. Plaintiff's counsel has not received any documents and possess no declarations or affidavits from other putative Plaintiffs. Notably, Defendants are in possession of the names and contact information of every current and former planner/scheduler and are free to use that information to develop their case as they see fit. Finally, the identities of individuals Plaintiff's counsel have communicated with regarding "any other existing or potential legal action against any Defendant" and the details of such communications, sought in Interrogatory 6, clearly seek irrelevant information. This request is in no way comparable to Plaintiff's request for Defendants' past wage and hour legal proceedings, as Defendants suggest. (ECF No. 46-1 at 7 n.7.) Defendants' past wage and hour disputes are directly related to Defendants' good-faith and defenses to liability and willfulness.[1] In contrast, Defendants seek communications between Plaintiff's counsel and their clients about any other potential cases against Defendants, information that has no bearing whatsoever on the case at bar and is clearly protected by the attorney-client privilege and work product doctrine.

At best, Defendants' requests seek Plaintiff's counsel's work product and protected communications between potential opt-in Plaintiffs and Plaintiff's counsel. Defendants have failed to show the relevance of their requests, and the Court should deny their motion.[2]

---

[1] The parties have fully briefed this issue in Plaintiff's pending motion to compel. (ECF No. 29.)
[2] To the extent Defendants should raise new arguments in their reply brief, they should not be considered. Arguments made in a reply are non-dispositive even if legally persuasive. Clifton v. Citimortgage, Inc., No. 3:11-CV-50-CMC, 2011 WL 891317, at *3 n.6 (D.S.C. Mar. 11, 2011) (making a more specific argument in a reply than in the opening memorandum amounts to a new argument and deprives opposing party of the opportunity to respond).

**B.     Defendants' Requests Seek Information Protected by the Attorney-Client Privilege and Work Product Doctrine.**

Should the details of Plaintiff's counsel case investigation be deemed relevant to the parties' claims and defenses, this information is protected from disclosure by the attorney-client privilege and work product doctrine. Defendants incorrectly assert that the privilege cannot attach to communications unrepresented class members and misapply the principle that no privilege attaches to counsel's mass communications with putative class members. Defendants did not analyze the applicability of the work product doctrine other than to state that it does not apply.[3] Defendants have failed to rebut Plaintiff's assertion of the privilege and work product.

   1.     *The attorney-client privilege attaches to communications between counsel and prospective clients.*

In the Fourth Circuit, the attorney-client privilege protects communications if the following elements are met:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998). "This privilege protects 'not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.'" Hanson v. U.S. Agency for Int'l Dev., 372 F.3d 286, 291 (4th Cir. 2004) (quoting Upjohn Co. v. United States, 449 U.S. 383, 390 (1981)).

---

[3] As noted supra, section I.A n.2, it is improper for Defendants to raise new arguments on this point in their reply.

Defendants emphasize that "the 'client' component must be in place for the privilege to be invoked." (ECF No. 46-1 at 3.) However, the privilege applies if the person "is <u>or sought to become</u> a client." <u>Hawkins</u>, 148 F.3d at 383; <u>see also</u> <u>Flo Pac, LLC v. NuTech, LLC</u>, No. WDQ-09-510, 2010 WL 5125447, at *5 (D. Md. Dec. 9, 2010) (communications with someone who either is or seeks to become a client are privileged). Any communications to Plaintiff's counsel made in response to Plaintiff's mailings are from individuals who were potentially interested in joining this lawsuit. All such communications were made in confidence for the purpose of securing counsel's legal opinion or services in relation to this lawsuit. The fact that an individual contacted Plaintiff's counsel and later decided not to join the action does not render his or her previous communications unprivileged. Defendants' requests in Document Requests 11-12 and Interrogatories 5-6 for the substance of and documentation related to all communications to and from persons whom Plaintiff's counsel does not presently represent clearly invades the attorney-client privilege.

The cases Defendants cite for the principle that non-confidential communications between counsel and putative Federal Rule of Civil Procedure 23 class members are unprivileged are inapplicable. In <u>Morisky v. Pub. Serv. Elec. & Gas Co.</u>, 191 F.R.D. 419, 423 (D.N.J. 2000), the court determined that responses to a survey seeking factual information were not privileged, based on the fact that the survey was distributed in a "town hall" style meeting that was (1) held before the lawsuit was filed, (2) open to the public, and (2) attended by people whom counsel had never communicated with previously. Here, in contrast, Plaintiff has not distributed a pre-suit survey with no attempt at confidentiality—Defendants seek confidential communications between Plaintiff's counsel and Defendants' current or former employees who contacted Plaintiff's counsel after the case was filed for the purpose of determining whether to join. For

this reason, In re Katrina Canal Breaches Consol. Litig., No. CIV.A. 05-4182, 2008 WL 4401970 (E.D. La. Sept. 22, 2008) is also inapposite. The plaintiffs in Katrina sought a protective order barring the defendants from contacting putative Rule 23 class members, and the court noted that the attorney-client privilege provided no basis for such an order, as it did not apply wholesale to communications with putative class members before class certification. Id. at *1-2. However, based on the "questionable conduct" of the defendants' investigators—including entering class member homes without permission and taking their property, surreptitiously recording interviews with class members, and in those interviews, lying or evading questions about whom they represented—for all future interviews the court required the defendants to identify the class member and the investigator and to disclose the fact and nature of the litigation and the parties involved. Id. at *1, 5. This type of conduct is far removed from sending uncontroversial advertisement letters to prospective Plaintiffs or maintaining a standard case website, and the Katrina case does not justify the broad discovery Defendants seek into communications between prospective Plaintiffs and Plaintiff's counsel.

Finally, Plaintiff's counsel has not waived the application of the privilege. All communications made in response to advertisements were confidential, and Plaintiff's counsel has maintained that confidentiality. Plaintiff has properly asserted the privilege over the information Defendants seek, and Defendants' discovery requests should be denied.

        2.      <u>Plaintiff's counsel's investigative efforts are protected work product, and Defendants have made no showing of need to justify such disclosure.</u>

Federal Rule of Civil Procedure 26(b)(3)(A) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Rule 26(b)(3) reflects the view "that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit

of the detailed preparatory work of the other side." Fed. R. Civ. P. 26, Advisory Committee Notes, 1970 amendments. Unlike the attorney-client privilege, confidentiality is not a requirement of work product protection. This is because the purpose of the work product doctrine is to prevent disclosure to opposing counsel, not to the world at large. In re TJN, Inc., No. 94-73386-W, 1997 WL 33343976, at *5 (Bankr. D.S.C. Jan. 22, 1997). A party may overcome work product protection only by showing it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). However, the Court must protect against the disclosure of an attorney's "mental impressions, conclusions, opinions, or legal theories." Fed. R. Civ. P. 26(b)(3)(B).

Defendants' Document Requests 11-12 and Interrogatories 5-6 seek records of Plaintiff's counsel's letters, advertisements, and the details of Plaintiff's counsel's contacts with current and former and current employees and their identities. Otherwise stated, Defendants seek Plaintiff's counsel's "interviews, statements, memoranda, correspondence, [and] mental impressions"— information that constitutes "the work product of the lawyer." Hickman v. Taylor, 329 U.S. 495, 511 (1947). Even so, Defendants do not analyze the application of the work-product doctrine other than to say that it is inapplicable. The sum of their argument is as follows:

> [C]ommunications with third parties who are not represented by Plaintiff's counsel cannot possibly be subject to the attorney-client privilege or constitute privileged work product. (ECF No. 46-1 at 6.)
>
> The proposition that attorney advertisements sent to yet unrepresented persons are privileged or work product is completely erroneous. (Id.)
>
> [T]he attorney-client privilege and work product doctrine does not shield from discovery communications, announcements or advertisements sent by Plaintiff's counsel to persons who are not in an attorney-client relationship with Plaintiff's counsel, including but not limited to unrepresented putative collective action members. (Id. at 7.)

11

This is insufficient to overcome Plaintiff's work product objections. The investigation of this case by either party's counsel is not a proper area for discovery:

> In performing his various duties, . . . it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.

Hickman, 329 U.S. at 510-11.

Plaintiff's counsels' efforts to identify and contact Defendants' current and former employees were made in the course of their investigation into this case. Indeed, Plaintiff's counsel is obligated to contact other potentially similarly situated employees. Interviewing other employees aids in the similarly situated inquiry for conditional certification. Stillman v. Staples, Inc., 07-849 (KSH), 2007 WL 7261450, at *1 (D.N.J. July 30, 2007) (ordering production of names and contact information of class members prior to certification). Regarding advertisement letters, obtaining consent forms prior to certification also assists in investigating the basis of Plaintiff's collective claims. Bollinger, 761 F. Supp. 2d at 1122. Filing consent forms prior to certification, should any be collected, is necessary to stop the running of the statute of limitations on opt-in Plaintiffs' claims. Accordingly, while not encompassed by the attorney-client privilege, information related to counsel's investigative efforts, such as the names and contact information counsel located, who counsel decided to contact, and via what means, is protected work product.[4] "[A]n attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case." In re Doe, 662 F.2d 1073, 1077 (4th Cir.

---

[4] Defendants cite Ashcraft v. Conoco, Inc., No. 7:95-cv-187-BR(3), 1997 WL 34731438 (E.D.N.C. June 11, 1997), for the principle that names and contact information are not protected by the attorney-client privilege, but this does not extend to the work product doctrine.

1981). The identities of "Plaintiffs' counsel's selection of recipients of the communication also enjoys work-product protection, as it reflects counsel's path of investigation." Callaway v. Papa John's USA, Inc., No. 09-61989-CIV-ZLOCH, 2010 WL 4024883, at *7 (S.D. Fla. Oct. 12, 2010) (refusing to compel plaintiffs' counsel to answer discovery requests seeking counsel's communications to putative opt-in plaintiffs, the identities of the recipients and their contact information on work product grounds).[5]

The information Defendants seek was prepared by counsel in the course of this litigation, and failing to address Plaintiff's work product objections, Defendants made no showing of need to justify its disclosure. No showing of need can be made here, as Defendants already have the contact information for all their past and present employees and can obtain information from them on their own, there is no concern that Plaintiff's counsel has acted unethically, and the information Defendants seek has no relevance the parties' claims and defenses, as noted supra, Section I.A. Accordingly, Plaintiff respectfully requests that the Court deny Defendants' motion to compel Document Requests 11-12 and Interrogatories 5-6.

## II.  THE IDENTITIES OF EVERY POTENTIAL EMPLOYER PLAINTIFF CONTACTED ARE IRRELEVANT TO THIS ACTION, AND DEFENDANTS' REQUEST IS OVERBROAD.

Defendants' Interrogatory 3 seeks the identity of every employer from whom Plaintiff sought employment or to whom Plaintiff submitted a resume during or after his employment with Defendants, so Defendants can seek third-party discovery from them. It is irrelevant whether Plaintiff worked for someone else before or after the Defendants; the inquiry is whether Plaintiff was properly classified as exempt while he was working for Defendants alone. Defendants argue that statements that discuss or refer to his job duties during his employment

---

[5] The Callaway court summarily found that the requests sought relevant information, but the plaintiffs conceded this point. Id., at *5.

with Defendants are relevant, but Plaintiff has already agreed to provide a copy of his resume describing his past work experience. Any further production is cumulative, duplicative and unnecessary.

Defendants' argument that "Plaintiff's current job duties may be relevant to the duties he performed while employed by JEG to the extent they are related and/or to the extent Plaintiff learned current job skills while employed by JEG" is wholly without merit. (ECF No. 46-1 at 9.) The focus of the inquiry in an FLSA misclassification case is on the job duties the plaintiff performed for the defendant, not the job duties he performed for any other non-party employers. Furthermore, Defendants' intent to seek third-party discovery from all of Plaintiff's prospective or actual employers demonstrates that this request is propounded to harass and annoy.[6]

The identities of every potential employer Plaintiff has contacted since going to work for Defendants are irrelevant, and their disclosure will serve no legitimate purpose to the litigation. Plaintiff respectfully requests that Defendants' motion to compel Interrogatory 3 be denied.

## CONCLUSION

Defendants' discovery requests for the details and documentation of Plaintiff's counsel's investigation into this case is not a proper area of discovery; both sides should remain free to develop their case without being compelled to share their work with the other side. Defendants' requests are unrelated to the merits of the parties' claims and defenses, and Defendants have not shown how they are calculated to seek the discovery of admissible information. Regarding Defendants' requests for the identities of Plaintiff's prospective and actual employers, Plaintiff has agreed to provide a copy of his resume, which provides the only relevant information

---

[6] Plaintiff will move to quash any subpoenas served on his past and future prospective and actual employers.

14

Defendants seek. Plaintiff respectfully requests that the Court deny Defendants' motion to compel.

Respectfully submitted December 8, 2011, by:

*s/ E. Brandon Gaskins*
E. Brandon Gaskins, SC Bar No. 9507
**HAGOOD & KERR, PA**
654 Coleman Blvd., Suite 100
Mount Pleasant, South Carolina 29464
Tel: (843) 972-1000
Fax: (843) 972-1005
E-mail: bgaskins@HagoodKerr.com

**NICHOLS KASTER, PLLP**
Charles G. Frohman, MN Bar No. 0386695*
Matthew H. Morgan, MN Bar No. 304657*
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: frohman@nka.com
Email: morgan@nka.com
*Admitted pro hac vice*

ATTORNEYS FOR PLAINTIFF AND THOSE SIMILARLY SITUATED